JAY K. GOLDBERG [JG-1294]
GOLDBERG & ALLEN, LLP
49 West 37th Street, 7th Floor
New York, New York  10018
212-766-3366

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------------X

KEVIN CRUMP,

                     Plaintiff,

        - against -

SERGEANT TIMOTHY BROVAKOS, TAX ID. 943025,
POLICE OFFICER ANDREW WELLINGTON, TAX ID. 955659,
POLICE OFFICER JOHN DOE,

                     Defendants,

-------------------------------------------------------------------------------X

15 CV 7318

**COMPLAINT**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

**PARTIES, JURISDICTION and VENUE**

    1.     Plaintiff, KEVIN CRUMP, is a 27 year old male, who, at all times relevant to this action, was a resident of Queens, New York.

    2.     Upon information and belief, Defendant SERGEANT TIMOTHY BROVAKOS, TAX ID. 943025, was at all relevant times an officer employed by the New York City Police Department ("NYPD").  All actions by BROVAKOS complained of herein were taken in the course of his employment and under color of law. BROVAKOS is being sued in both his individual and official capacities.

    3.     Upon information and belief, Defendant POLICE OFFICER ANDREW WELLINGTON, TAX ID. 955659, was at all relevant times an officer employed by the NYPD.  All actions by WELLINGTON complained of herein were taken in the course of

1

his employment and under color of law. WELLINGTON is being sued in both his individual and official capacities.

4. Upon information and belief, POLICE OFFICER JOHN DOE, a fictitious name of an unknown person, was at all relevant times an officer employed by the NYPD. All actions by DOE complained of herein were taken in the course of his employment and under color of law. DOE is being sued in both his individual and official capacities.

5. Original jurisdiction of this Court is founded upon 28 U.S.C. §1331, et seq., specifically 28 U.S.C. § 1343.

6. Venue is properly laid in this District pursuant to 28 U.S.C. §1391(b).

7. The instant action is commenced within three years of the date of accrual of all causes of action.

## FACTS GIVING RISE TO THE CLAIMS

**A. FIRST ARREST**

8. On January 3, 2014, at about 8:00 p.m., PLAINTIFF was driving his car in a lawful manner on the public thoroughfares in the vicinity of his home in Queens, New York.

9. PLAINTIFF was ordered by Defendants BROVAKOS and DOE to stop his car.

10. PLAINTIFF complied with the order of the police and, after the car was stopped, both officers approached the car with their guns drawn.

11. Defendant BROVAKOS began to question PLAINTIFF about narcotics and other contraband.

12. In reply, PLAINTIFF truthfully told the officers that he had nothing illegal in his car or on his person; that he was an employee of the New York City Housing Authority, and presented them with his work identification.

13. In response, PLAINTIFF was physically removed from the car by Defendant BROVAKOS who then placed him in handcuffs.

14. Defendants BROVAKOS and DOE then unlawfully and without consent searched PLAINTIFF's car and its contents.

15. Eventually, the defendants found a utility knife in the car that PLAINTIFF explained was a work tool.

16. Although the knife was not a type proscribed by New York Penal Law, specifically, neither a gravity knife nor a switchblade, Defendants BROVAKOS and DOE placed PLAINTIFF under arrest for Criminal Possession of a Weapon in the Fourth Degree, Resisting Arrest and Obstructing Governmental Administration of Justice.

17. On January 4, 2014, PLAINTIFF was arraigned on the charges in Queens Criminal Court and entered a plea of Not Guilty.

18. On February 4, 2014, PLAINTIFF accepted an Adjournment in Contemplation of Dismissal to resolve all charges.

19. Because of the unlawful stop, search and arrest, PLAINTIFF contacted the Civilian Complaint Review Board to file a complaint against Defendant BROVAKOS.

20. PLAINTIFF's complaint against Defendant BROVAKOS was directed to

the Internal Affairs Bureau of the NYPD.

21. PLAINTIFF is unaware whether final action was ever taken as to this complaint.

**B. SECOND ARREST**

22. On August 17, 2015, PLAINTIFF was involved in a workplace dispute and was physically assaulted by a supervisor.

23. PLAINTIFF, who suffered significant facial injuries and other physical trauma, called the police to the scene.

24. While responding officers, including Defendant WELLINGTON, were investigating the situation, Defendant BROVAKOS came to the scene.

25. Based on the statements of PLAINTIFF, and his visible injuries, the officers placed the supervisor under arrest and took him into custody.

26. Based on the statements of the supervisor, Defendant WELLINGTON placed PLAINTIFF under arrest and took him into custody.

27. Because of the injuries to PLAINTIFF he was first transported to St. John's Hospital where he was treated and released.

28. PLAINTIFF was then brought to the 101st Precinct where he was confronted by Defendant BROVAKOS.

29. Defendant BROVAKOS told PLAINTIFF that he was aware that PLAINTIFF had filed a complaint against him and that "this time" he was going to make sure that PLAINTIFF lost his job.

30. Upon information and belief, the supervisor was processed, and, at the instruction of Defendant BROVAKOS, was given a Desk Appearance Ticket by

Defendant WELLINGTON and released.

31.     Despite being eligible for release with a Desk Appearance Ticket, Defendant BROVAKOS, maliciously and with ill will, instructed Defendant WELLINGTON to not issue the Desk Appearance Ticket, and instead to put PLAINTIFF through the system.

32.     As a result PLAINTIFF spent the night in jail and was not released until the following day at or about noon.

33.     On October 27, 2015, all charges against PLAINTIFF resulting from the August 17 arrest were dismissed and sealed.

**FIRST CLAIM**
(First Arrest - January 2014: False Arrest - §1983)

34.     Pursuant to Rule 10(c), PLAINTIFF repeats and realleges each and every allegation of paragraphs 1 through 33 of the Complaint as if incorporated and reiterated herein.

35.     By arresting PLAINTIFF without legal authority, Defendants BROVAKOS and DOE, individually and acting together, violated PLAINTIFF's rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.  Specifically, the constitutional right to be free from false arrest.

36.     By reason thereof, Defendants BROVAKOS and DOE violated 42 U.S.C. §1983 and caused PLAINTIFF to suffer emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

## SECOND CLAIM
(First Arrest - January 2014: Malicious Prosecution - §1983)

37. Pursuant to Rule 10(c), PLAINTIFF repeats and realleges each and every allegation of paragraphs 1 through 36 of the Complaint as if incorporated and reiterated herein.

38. By commencing a proceeding in the absence of probable cause, Defendants BROVAKOS and DOE intentionally engaged in a malicious prosecution in violation of PLAINTIFF's rights under the Fifth and Fourteenth Amendments to the United States Constitution. Specifically, the constitutional right to be free from prosecution without legal justification.

39. By reason thereof, Defendants BROVAKOS and DOE violated 42 U.S.C. §1983 and caused PLAINTIFF to suffer emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

## THIRD CLAIM
(First Arrest - January 2014: Unlawful Search and Seizure - §1983)

40. Pursuant to Rule 10(c), PLAINTIFF repeats and realleges each and every allegation of paragraphs 1 through 39 of the Complaint as if incorporated and reiterated herein.

41. By stopping PLAINTIFF's car and conducting a search of the car and it's contents without legal cause or justification, Defendants BROVAKOS and DOE intentionally engaged in acts in violation of PLAINTIFF's rights under the Fourth and Fourteenth Amendments to the United States Constitution. Specifically, the

constitutional right against unlawful searches and seizures.

      42.    By reason thereof, Defendants BROVAKOS and DOE caused PLAINTIFF to suffer emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

### FOURTH CLAIM
(Second Arrest - August 2015: Due Process Violation - §1983)

      43.    Pursuant to Rule 10(c), PLAINTIFF repeats and realleges each and every allegation of paragraphs 1 through 42 of the Complaint as if incorporated and reiterated herein.

      44.    By failing to release PLAINTIFF with a Desk Appearance Ticket, as a malicious retribution for a previously filed complaint against Defendant BROVAKOS, Defendants BROVAKOS and WELLINGTON intentionally engaged in arbitrary and capricious acts in violation of PLAINTIFF's rights under the Fifth and Fourteenth Amendments to the United States Constitution. Specifically, by causing an unreasonable detention in violation of the right to due process of law in a criminal proceeding.

      45.    By reason thereof, Defendants BROVAKOS and WELLINGTON caused PLAINTIFF to suffer emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

### FIFTH CLAIM
(Second Arrest - August 2015: Equal Protection - §1983)

      46.    Pursuant to Rule 10(c), PLAINTIFF repeats and realleges each and every allegation of paragraphs 1 through 44 of the Complaint as if incorporated and reiterated herein.

47. By failing to release PLAINTIFF with a Desk Appearance Ticket, as a malicious retribution for a previously filed complaint against Defendant BROVAKOS, Defendants BROVAKOS and WELLINGTON intentionally engaged in arbitrary and capricious acts in violation of PLAINTIFF's rights under the Fourteenth Amendment to the United States Constitution. Specifically, by causing an unreasonable detention in violation of the right to equal protection of law in a criminal proceeding.

48. By reason thereof, Defendants BROVAKOS and WELLINGTON caused PLAINTIFF to suffer emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

**SIXTH CLAIM**
(Second Arrest - August 2015: First Amendment - §1983)

49. Pursuant to rule 10(c), PLAINTIFF repeats and realleges each and every allegation of paragraphs 1 through 47 of the Complaint as if incorporated and reiterated herein.

50. Defendant BROVAKOS's order that PLAINTIFF not be released with a Desk Appearance Ticket, was in direct retaliation for the exercise by PLAINTIFF of his First Amendment rights in previously filing a complaint against him.

51. The motivation and affect of such retaliatory action was to chill PLAINTIFF's exercise of his First Amendment rights.

52. By reason thereof, Defendant BROVAKOS caused PLAINTIFF to suffer emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

**DEMAND FOR A JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, PLAINTIFF hereby demands a jury trial of all issues capable of being determined by a jury.

**WHEREFORE**, the PLAINTIFF demands judgment against Defendants as follows:

i)   On the first claim, actual and punitive damages in an amount to be determined at trial;

ii)  On the second claim, actual and punitive damages in an amount to be determined at trial;

iii) On the third claim, actual and punitive damages in an amount to be determined at trial;

iv)  On the fourth claim, actual and punitive damages in an amount to be determined at trial;

v)   On the fifth claim, actual and punitive damages in an amount to be determined at trial;

vi)  On the sixth claim, actual and punitive damages in an amount to be determined at trial;

vii) Statutory attorney's fees and disbursements pursuant to 42 U.S.C. §1988, and costs of this action; and

viii) Such other relief as the Court deems just and proper.

Dated:   New York, New York
         December 22, 2015

                    Goldberg & Allen, LLP
                    Attorneys for PLAINTIFF

              By:   _____
                    Jay K. Goldberg [JG-1294]
                    49 West 37th Street, 7th Floor
                    New York, New York 10018
                    (212) 766-3366